IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MICHAEL RUFFIN,

    Petitioner,

vs.                                      Case No. 4:11cv404-WS/WCS

KENNETH S. TUCKER,

    Respondent.

_____/

### REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

    Petitioner Ruffin, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1 .

    Petitioner challenges his 1999 sentence for armed robbery with a firearm (count one) and kidnapping (counts two and three), imposed by the Second Judicial Circuit, Leon County. He does not provide the criminal case number, but gives the appellate case number as 1D99-982. Doc. 1, p. 2. According to the docket (available at www.1dca.org), that was an appeal from lower court case number 97-2605.

> As previously addressed in this court:
>
> Following a jury trial in the Circuit Court in and for Leon County, Florida, Case No. 1997-CF-2605, Petitioner was found guilty of armed robbery with a firearm and two counts of kidnapping. On March 3, 1999, he was sentenced as a habitual violent felony offender to concurrent terms of life imprisonment with minimum mandatory terms of fifteen years of incarceration on all counts. . . . On January 21, 2000, the First DCA affirmed per curiam without opinion, with the mandate issuing February 8, 2000. Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

See 4:05cv364-MP/EMT, doc. 19 (report and recommendation of Magistrate Judge Timothy), p. 1. Following a discussion of the limitations period and Petitioner's post-conviction motions, it was recommended that his § 2254 petition filed on September 23, 2005, be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A). Id., pp. 2-4. The report and recommendation was adopted and the petition dismissed as untimely. Doc. 21 in that case.

In case number 4:09cv360-RH/WCS, I recommended that Petitioner's § 2254 petition dated August 25, 2009, challenging the conviction and sentence in 1997-CF-2605, be summarily dismissed as a second or successive § 2254 petition. Doc. 7 in that case. I noted that dismissal of the petition in 4:05cv364-MP/EMT as untimely "counted" to render the next petition second or successive. Id., pp. 5-6.[1] The report and recommendation was adopted by the court and the § 2254 petition summarily dismissed as an unauthorized second or successive petition. Doc. 9.

---

[1] See also pp. 2-5, discussing Petitioner's other proceedings and the confusing similarity of his convictions in 1997-CF-2605 and 1997-CF-2607, both out of the Circuit Court in Leon County.

Respondent filed a motion to dismiss to dismiss the petition as unauthorized, and notes that Petitioner has been denied authorization to file a second or successive petition by the Eleventh Circuit.  Doc. 6, p. 1 and Ex. B.  Respondent argues that this is an unauthorized second or successive petition which should be summarily dismissed.  § 2244(b)(3)(A); § 2254 Rule 9 (requiring petitioner to "obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)" before presenting it to the district court).

Petitioner filed a reply, conceding his petition is unauthorized, and reserving the right to seek leave from the court of appeals.  Doc. 7.  The form application for leave to file a second or successive petition, as used in the Eleventh Circuit, will be sent to Petitioner with this recommendation.

Unless and until authorization is granted, this court lacks jurisdiction to entertain his petition.  *See, e.g.*, Burton v. Stewart, 549 U.S. 147, 157, 127 S.Ct. 793, 799, 166 L.Ed.2d 628 (2007) (as petitioner had neither sought nor received authorization to file second or successive petition, district court lacked jurisdiction).  Since Petitioner so concedes, he presumably will not appeal the dismissal of his § 2254 petition. Section 2254 Rule 11(a) provides, however, that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).  There is no substantial showing of the denial of a constitutional right,§ 2253(c)(2), and it is recommended that the court deny a certificate of appealability in its final order.  Leave

to appeal in forma pauperis should also be denied.  See Fed.R.App.P. 24(a)(3)(A) (before or after a notice of appeal is filed, the court may certify the appeal is not in good faith or the party is not otherwise entitled to appeal in forma pauperis).

Accordingly, it is **ORDERED** that the clerk shall **FORWARD** the § 2244(b) application form, as used in the Eleventh Circuit, to Petitioner with this report and recommendation.

It is respectfully **RECOMMENDED** that the motion to dismiss (doc. 6) be **GRANTED**, and this § 2254 proceeding, challenging the judgment in case number 1997-CF-2605, be **DISMISSED** as authorization for filing a second or successive petition has not been granted by the court of appeals.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 15, 2012.

 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.